IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| YENISEL REYES PEREZ,<br>*Petitioner*<br><br>-vs-<br><br>PAMELA BONDI, UNITED STATES<br>ATTORNEY GENERAL *et al.*,<br>*Respondents* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | SA-25-CV-1302-XR |

**ORDER ON PETITION FOR HABEAS CORPUS AND MOTION FOR A
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

On this date, the Court considered the Petitioner's Petition for Habeas Corpus (ECF No. 1) Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 2). After careful consideration, the Petition (ECF No. 1) is **GRANTED IN PART**, and the motion for a temporary restraining order and preliminary relief (ECF No. 2) is **DISMISSED AS MOOT**.

## BACKGROUND

Petitioner Yenisel Reyes Perez is a Cuban citizen who entered the United States without inspection on January 28, 2022.[1] ECF No. 1 ¶¶ 2–3, 25. On the same day, she was arrested, placed in removal proceedings, issued a I-220A form Order of Release on Recognizance ("OREC"). *See* ECF No. 1-1. She was then released on her own recognizance during the pendency of her removal proceedings, subject to certain conditions, under Section 236 of the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. § 1226. *See id.*; ECF No. 1-2.

The next day, DHS filed a Notice to Appear ("NTA") with the Executive Office for Immigration Review ("EOIR") alleging that Petitioner entered the United States without inspection under Section 212(a)(6)(A)(1) of the INA, codified at 8 U.S.C. § 1182(a)(6)(A)(i). *See* ECF No. 1-3. The immigration court docketed removal proceedings against Petitioner based on

---

[1] Respondents' brief incorrectly asserts that Petitioner entered the United States in 2023. ECF No. 10 at 3.

the NTA in February 2022. Thereafter, Petitioner applied for asylum in October 2022 and was scheduled for a master hearing for July 12, 2027. ECF No. 1 ¶ 28. Petitioner also separately filed her own application for adjustment of status with USCIS on August 15, 2025. *Id.*

In the meantime, for over three years, Petitioner attended her annual ICE check-ins. At her most recent ICE check-in on August 28, 2025, ICE revoked her release and detained Petitioner as subject to mandatory detention under its new reading of 8 U.S.C. § 1225(b). *Id.* ¶ 29. The Department of Homeland Security ("DHS") placed Petitioner in removal proceedings pursuant to 8 U.S.C. § 1229a. *Id.* ¶ 30. ICE has charged her with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) because she entered the United States without inspection. *Id.* Following Petitioner's transfer to KCDC on August 28, 2025, ICE issued a custody determination to continue her detention without an opportunity to post bond or be released on other conditions. *Id.* ¶ 32.

Petitioner sought a custody redetermination hearing under 8 U.S.C. § 1226, which governs the detention of aliens *already present* inside the United States (as opposed to those detained upon arrival). *See Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). On October 30, 2025, an immigration judge denied Petitioner bond, finding that he lacked authority to hear or grant bond requests under 8 U.S.C. § 1225(b)(2). ECF No. 11-2 at 4–5. This determination was based on a recent Board of Immigration Appeals ("BIA") opinion reading 8 U.S.C. § 1225(b)(2) to require detention without a bond hearing of every noncitizen who entered the country without inspection, unless they are "clearly and beyond a doubt entitled to be admitted." *See Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 220 (BIA 2025); 8 U.S.C. § 1225(b)(2)(A). The BIA concluded that aliens already present in the United States must be detained under Section 1225 and cannot be granted bond under Section 1226 and, accordingly, that immigration judges lack jurisdiction to hear bond applications from those in Petitioner's circumstances. *See id.* at 229.

2

Petitioner filed her petition for a writ of habeas corpus on October 15, 2025 (ECF No. 1), and moved for a temporary restraining order the next day (ECF No. 2). The Court held a hearing on October 27, 2025, after which the parties submitted additional briefing. *See* ECF Nos. 10, 11.

Petitioner has been detained since her arrest and is currently detained at the Karnes County Detention Facility in Karnes City, Texas. ECF No. 1 ¶ 1. She asserts that her continuing detention without bond violates the INA and her constitutional due process rights. *Id.* at 17–19.

## LEGAL STANDARD

A habeas petitioner must show they are "in custody in violation of the Constitution or laws or treaties of the United States." *Villanueva v. Tate*, No. CV H-25-3364, 2025 WL 2774610, at *4 (S.D. Tex. Sept. 26, 2025) (quoting 28 U.S.C. § 2241(c)(3)). The petitioner "bears the burden of proving that he is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence." *Id.* (quoting *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) and citing *Bruce v. Estelle*, 536 F.2d 1051, 1058 (5th Cir. 1976)). "A court considering a habeas petition must 'determine the facts, and dispose of the matter as law and justice require.'" *Id.* (quoting 28 U.S.C. § 2243).

## DISCUSSION

The parties dispute both whether the Court has jurisdiction to order the relief Petitioner has requested, and whether Petitioner is entitled to that relief on the merits. The Court addresses its jurisdiction before turning to the merits.

### I. This Court Has Jurisdiction

As a general matter, this Court has jurisdiction over Petitioner's habeas petition pursuant to 28 U.S.C. §§ 1331 and 2241. *See Buenrostro-Mendez v. Bondi*, No. CV H-25-3726, 2025 WL 2886346, at *1 (S.D. Tex. Oct. 7, 2025) ("A district court may grant a writ of habeas corpus if a

3

petitioner is in federal custody in violation of the Constitution or federal law."). Nonetheless, Respondents insist that that three statutory provisions of the INA—8 U.S.C. §§ 1252(g), (b)(9), and § 1225(b) divest this Court of jurisdiction. ECF No. 10 at 11–12. The Court disagrees.

### A. Section 1252(g) Does Not Preclude Jurisdiction

Respondents assert that the Court lacks jurisdiction under Section 1252(g), which provides:

> [N]o court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to *commence* proceedings, *adjudicate* cases, or *execute* removal orders against any alien under this chapter.

8 U.S.C. § 1252(g) (emphasis added). But Section 1252(g) "applies only to three discrete actions that the Attorney general may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders." *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (emphasis in original) (quoting 8 U.S.C. § 1252(g)). It "does not bar courts from reviewing an alien detention order, because such an order, while intimately related to efforts to deport, is not itself a decision to execute removal orders and thus does not implicate [S]ection 1252(g)." *Santiago v. Noem*, No. EP-25-CV-361-KC, 2025 WL 2792588, at *3 (W.D. Tex. Oct. 2, 2025) (cleaned up) (quoting *Cardoso v. Reno*, 216 F.3d 512, 516–17 (5th Cir. 2000)).

Petitioner is not challenging removal proceedings, but seeks release—in habeas corpus—because Respondents have unlawfully detained her. ECF No. 11 at 20. "Such claims are not barred by § 1252(g)." *Lopez-Arevelo v. Ripa*, No. EP-25-CV-337-KC, 2025 WL 2691828, at *5 (W.D. Tex. Sept. 22, 2025).

4

B.   **Section 1252(b)(9) Does Not Preclude Jurisdiction**

Respondents argue that the Court lacks jurisdiction under 8 U.S.C. § 1252(b)(9), which provides:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus . . . , or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

This provision "does not present a jurisdictional bar where those bringing suit are not asking for review of an order of removal, the decision to seek removal, or the process by which removability will be determined." *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 19 (2020) (cleaned up). It does not "'sweep within its scope claims with only a remote or attenuated connection to the removal of an alien'. . . [or] preclude review of claims that 'cannot be raised efficaciously within the administrative proceedings' already available." *Duron v. Johnson*, 898 F.3d 644, 647 (5th Cir. 2018) (quoting *Aguilar v. I.C.E.*, 510 F.3d 1, 9 (1st Cir. 2007)). Finally, it applies only "[w]ith respect to review of an order of removal." 8 U.S.C. § 1252(b); *Ozturk v. Hyde*, 136 F.4th 382, 399 (2d Cir. 2025); *Canal A Media Holding, LLC v. U.S. Citizenship & Immigr. Servs.*, 964 F.3d 1250, 1257 (11th Cir. 2020); *Hernandez v. Baltazar*, No. 1:25-CV-03094-CNS, 2025 WL 2996643, at *2 (D. Colo. Oct. 24, 2025).

Respondents' argument fails for at least two reasons. First, Petitioner's claim—that Respondents lack "legal authority to subject [her] to mandatory detention under § 1225 instead of detention with a bond hearing under § 1226(a)"—"is not a review [of] an order of removal, the decision to seek removal, or the process by which removability will be determined." *Beltran v. Noem*, No. 25CV2650-LL-DEB, 2025 WL 3078837, at *3 (S.D. Cal. Nov. 4, 2025); *Aguilar*, 510

5

F.3d at 11 ("[T]he legislative history indicates that Congress intended to create an exception for claims 'independent' of removal."). Because Petitioner challenges only her ongoing detention during the pendency of her removal proceedings, "§ 1252(b)(9) does not present a jurisdictional bar." *See Jennings*, 583 U.S. at 295.[2]

Second, Petitioner cannot "efficaciously" raise her claims "'within the administrative proceedings' already available." *Duron*, 898 F.3d 647 (quoting *Aguilar*, 510 F.3d at 10). The core of this dispute is whether Petitioner can be detained without a bond hearing—that is, with no administrative opportunity to contest her detention—pending a removal determination. If Section 1252(b)(9) precluded this habeas petition, Petitioner's detention would be "effectively unreviewable," *Jennings*, 583 U.S. at 293, especially considering the BIA's novel position that immigration judges lack authority to even *entertain* bond requests, *see Matter of Hurtado*, 29 I. & N. Dec. at 220. "By the time a final order of removal was eventually entered, the allegedly [illegal] detention would have already taken place. And of course, it is possible that no such order would ever be entered in a particular case, depriving that detainee of any meaningful chance for judicial review." *Jennings*, 583 U.S. at 293.

### C. Section 1225(b)(4) Does Not Preclude Jurisdiction

Curiously, Respondents assert that, under Section 1225(b)(4), judicial review of Petitioner's removability is "available only through the court of appeals following a final administrative order of removal." ECF No. 10 at 12. But even under Respondents' flawed theory that the Petitioner is challenging the adjudication of her removal proceedings (rather than her detention), Petitioner's challenge to a presumably unsuccessful application for admission would

---

[2] With respect to § 1252(b)(9), *Jennings* expressly rejected an overbroad reading of "arising from" as "uncritical literalism" that leads "to results that no sensible person could have intended." 83 U.S. at 293–94 (citation modified). Indeed, *Jennings* described the "expansive interpretation of § 1252(b)(9)" proposed by Respondents as "absurd," and inevitably "lead[ing] to staggering results." *Id.* at 293.

6

not arise under Section 1225(b)(4). That provision governs challenges brought by an immigration officer to favorable admissibility decisions made by another officer:

> The decision of the examining immigration officer, if *favorable to the admission of any alien*, shall be subject to challenge by any other immigration officer and such challenge shall operate to take the alien whose privilege to be admitted is so challenged, before an immigration judge for a proceeding under section 1229a of this title.

8 U.S.C. § 1225(b)(4) (emphasis added).

Section 1225(b)(4) is plainly inapplicable to Petitioner, who has not received any favorable determination of her admissibility. Moreover, Section 1221(b)(4) applies to challenges to favorable admissions decisions brought by *other immigration officers*. It has nothing to do with the scope of DHS's detention authority or the federal courts' jurisdiction over challenges to detention. Indeed, as another court in this District recently observed, § 1225(b)(4) does "not speak to the distinction between detention and deportability that this Court has explained is essential to the jurisdictional analysis." *See Erazo Rojas*, 2025 WL 3038262, at *2. Accordingly, Respondents' reference to 8 U.S.C. § 1225(b)(4) is simply misplaced.

In sum, Petitioner challenges only the legality of her ongoing detention without a bond hearing. She is not challenging Respondents' decision to execute a removal order, to commence or adjudicate removal proceedings, or to detain her in the first place. The Court has jurisdiction to consider Petitioner's claims.

## II. Petitioner's Detention Is an Unlawful Application of 8 U.S.C. § 1225(b)(1)

Turning to the merits, Petitioner asserts that Respondents lack statutory authority under the INA to detain her without a bond hearing and are depriving her of due process by doing so. Because the Court agrees with Petitioner's statutory arguments, it does not reach her constitutional claims.

### A. Legal Framework for Immigration-Related Detention

The INA prescribes three basic forms of detention for noncitizens in removal proceedings.

First, the INA provides for mandatory detention of noncitizens subject to *expedited removal* under 8 U.S.C. § 1225(b)(1) and other recent arrivals seeking admission under 8 U.S.C. § 1225(b)(2). As the Supreme Court has explained, Section 1225 "applies primarily to [noncitizens] seeking entry into the United States." *Jennings*, 583 U.S. at 297. Noncitizens detained under this provision may be released only through DHS's exercise of its parole authority under 8 U.S.C. § 1182(d)(5)(A). *Id.* at 300.

Second, the INA authorizes the discretionary detention of noncitizens in standard, non-expedited (i.e., "full") removal proceedings before an immigration judge under 8 U.S.C. § 1226. *See* 8 U.S.C. § 1229a; § 1226(a) ("[A]n alien *may* be arrested and detained. . . .") (emphasis added).[3] Noncitizens in detention under Section 1226(a) are entitled to a bond hearing at the outset of their detention, *see* 8 C.F.R. §§ 1003.19(a), 1236.1(d).

Last, the INA also provides for detention of noncitizens who have been previously ordered removed, including individuals in withholding-only proceedings, *see* 8 U.S.C. § 1231(a)–(b). This provision is not at issue in the instant matter.

For nearly three decades, Respondents consistently considered noncitizens present in the United States without having been admitted or paroled as detained under 8 U.S.C. § 1226(a), thus entitling them to bond hearings. *See, e.g.*, Inspection and Expedited Removal of Aliens; Detention and Removal of Aliens; Conduct of Removal Proceedings; Asylum Procedures, 62 Fed. Reg. 10312, 10323 (Mar. 6, 1997) (stating that "[d]espite being applicants for admission, aliens who are present without having been admitted or paroled (formerly referred to as aliens who entered

---

[3] Noncitizens who have been arrested, charged with, or convicted of certain crimes are subject to mandatory detention. *See* 8 U.S.C. § 1226(c).

8

without inspection) will be eligible for bond and bond redetermination"). Consistent with this longstanding understanding, the Supreme Court recently confirmed that "§ 1226 applies to aliens already present in the United States." *Jennings*, 583 U.S. at 303. On the other hand, "the language of §§ 1225(b)(1) and (b)(2) is quite clear": "§ 1225(b) applies primarily to aliens seeking entry into the United States ('applicants for admission' in the language of the statute)." *Id*. at 297, 303.[4]

Earlier this year, Respondents adopted a novel theory that noncitizens who are present in the United States without admission or parole are ineligible for bond hearings. In July 2025, Todd Lyons, Acting Director of ICE, issued an internal memorandum (the "Lyons Memorandum") explaining that the agency had "revisited its legal position" and "determined that [Section 1225] of the [INA], rather than [Section 1226], is the applicable immigration detention authority for all applicants for admission."[5] Ultimately, the BIA adopted this position in a precedential decision, *Matter of Hurtado*, 29 I. & N. Dec. at 220, holding that all noncitizens who entered the country without inspection—no matter how long they have been present in the country—are subject to mandatory detention without a bond hearing under 8 U.S.C. § 1225(b)(2).

Numerous courts, including this one, have rejected the argument that Section 1225(b)(2) applies to all aliens who, like Petitioner, are already in the country but entered without inspection. *See, e.g.*, *Mboup v. Field Off. Dir. of N.J. Immigr. & Customs Enf't*, No. 2:25-CV-16882 (MEF), 2025 WL 3062791, at *1 & n.3 (D.N.J. Nov. 3, 2025) (collecting cases); *Lepe v. Andrews*, No.

---

[4] Even if this language in *Jennings* is dicta, courts in the Fifth Circuit "are generally bound by Supreme Court dicta, especially when it is recent and detailed." *McRorey v. Garland*, 99 F.4th 831, 837 (5th Cir. 2024) (quoting *Hollis v. Lynch*, 827 F.3d 436, 448 (5th Cir. 2016)).

[5] "The existence of the memorandum was first reported by the Washington Post on July 14, 2025. Maria Sacchetti & Carol D. Leonnig, *ICE declares millions of undocumented immigrants ineligible for bond hearings*, Washington Post (July 14, 2025), https://www.washingtonpost.com/immigration/2025/07/14/ice-trump-undocumented-immigrants-bond-hearings/ [https://perma.cc/LN4F-FJDG]. The memorandum itself was subsequently leaked by legal advocacy groups. *ICE Memo: Interim Guidance Regarding Detention Authority for Applications for Admission*, American Immigration Lawyers Association, https://www.aila.org/library/ice-memo-interim-guidance-regarding-detention-authority-for-applications-for-admission (last visited July 24, 2025) [https://perma.cc/4Q6X-GAZC][.]" *Martinez v. Hyde*, 792 F. Supp. 3d 211, 218 n.10 (D. Mass. 2025).

1:25-CV-01163-KES-SKO (HC), 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (same). These opinions rely on several rationales, from statutory language and context to legislative history and longstanding agency practice. *Rodriguez v. Bostock*, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *1 & n.3 (W.D. Wash. Sept. 30, 2025) (collecting cases).

But the Court need not address the reasoning in those cases here because Respondents now *concede* that Petitioner is not detained under 8 U.S.C. § 1225(b)(2). ECF No. 6 at 3. Instead, Respondents offer an entirely new statutory hook for her re-detention, one never addressed in the Lyons Memorandum or *Matter of Hurtado*: Section 1225(b)(1)(A)(iii)(II).[6] *Id.* at 3–5.

### B.     Section 1225(b)(1) Does Not Apply to Petitioner's Detention

Section 1225(b)(1) requires the detention of two categories of aliens subject to expedited removal: (a) "arriving" aliens and (b) aliens who have not "been physically present in the United States continuously for the 2-year period immediately prior to" being determined inadmissible under either 8 U.S.C. § 1182(a)(6)(C) or 8 U.S.C. § 1182(a)(7). *See* 8 U.S.C. § 1182(a)(6)(C) (discussing aliens who seek admission by fraud or willful misrepresentation); *id.* § 1182(a)(7) (discussing required documentation for admission of immigrants and nonimmigrants).

Respondents' position—that Petitioner is being detained under 8 U.S.C. § 1225(b)(1)(A)(iii)(II)—is not only inconsistent with the position they took in 2022, it conflicts with the plain language of § 1225(b)(1).

Petitioner has never been designated as an "arriving" alien, as evidenced by her 2022 NTA. ECF No. 1-3 at 2. Thus, to contend that her present detention is authorized under 8 U.S.C. §

---

[6] Recall that Respondents first relied on 8 U.S.C. § 1226 to justify Petitioner's detention in 2022. *See* ECF No. 1-1. Then, at the bond hearing, they appear to have relied on § 1225(b)(2). *See* ECF No. 11-2 at 4–5. Setting aside Respondents' previous reliance on Section 1226 and Section 1225(b)(2), the Court considers Respondents' Section 1225(b)(1) argument at face value. *But see* 5 U.S.C. § 706 (empowering courts to hold agency action unlawful if it is arbitrary and capricious).

1225(b)(1), Respondents must show that Petitioner was determined to be inadmissible under either 8 U.S.C. § 1182(a)(6)(C) or § 1182(a)(7) *within two years* of her entry into the United States.

Respondents do not appear to contest that Petitioner entered the country more than two years before her current detention began. Instead, they argue that Petitioner was initially apprehended in 2022, less than two years after she entered the country. ECF No. 10 at 6. But Petitioner was not apprehended under Section 1225(b)(1) in 2022; contemporaneous documents repeatedly referenced Section 1226. Petitioner's "Notice of Custody Determination" was "[p]ursuant to the authority contained in section 236 of the [INA]," codified at 8 U.S.C. §1226, and its implementing regulations. ECF No. 1-2 at 2. Likewise, both the OREC and NTA acknowledge Petitioner's arrest under Section 236 of the INA (i.e., Section 1226). *See* ECF No. 1-1 at 2; ECF No. 1-1 at 2. Respondents cannot retroactively transform what was clearly action under Section 1226 into detention under Section 1225(b)(1). *Cf. Lopez v. Lyons*, No. 2:25-CV-03174-DJC-CKD, 2025 WL 3124116, at *2 (E.D. Cal. Nov. 7, 2025) (rejecting the argument that someone's initial contact with immigration officials was a "determination of inadmissibility" under Section 1225(b)(1) because "the Order of Release on Recognizance specifically state[d] that Petitioner was released pursuant to [S]ection 1226").

In any event, Section 1225(b)(1) is inapplicable to Petitioner because she has been charged as inadmissible under Section 1182(a)(6)(A)(i) *only*. Petitioner's mere "unlawful presence" (as (as "[a]n alien present in the United States without being admitted or paroled") cannot, as a textual matter, serve as the grounds for detention under Section 1225(b)(1), which applies to noncitizens found "inadmissible under" 8 U.S.C. § 1182(a)(6)(C) or 1182(a)(7). *See* 8 U.S.C. § 1182(a)(6)(C) (discussing aliens who seek admission by fraud or willful misrepresentation); *id.* § 1182(a)(7) (discussing required documentation for admission of immigrants and nonimmigrants).

11

Finally, Section 1225(b)(1) requires detention for certain aliens undergoing *expedited* removal proceedings. 8 U.S.C. § 1225(b)(1), (b)(1)(B)(ii), (b)(1)(B)(iii)(IV). But Respondents admit that Petitioner is currently in "full" removal proceedings. ECF No. 10 at 9. Respondents have conceded in other cases that an alien cannot simultaneously be in both full and expedited removal proceedings. *See Patel v. Tindall*, No. 3:25-CV-373-RGJ, 2025 WL 2823607, at *5 (W.D. Ky. Oct. 3, 2025) (collecting cases). In short, even if Section 1225(b)(1) could apply to Petitioner, she is not subject to its detention provisions because she is not in expedited removal proceedings. Respondents cannot detain Petitioner based on expedited removal proceedings that do not exist.

For these reasons, Respondents may not detain Petitioner under Section 1225(b)(1). Because the Court concludes Section 1225(b)(1) is inapplicable, Petitioner's present detention necessarily falls under 8 U.S.C. § 1226, which entitles her to a bond hearing. *See, e.g.*, *Belsai D.S. v. Bondi*, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *5 (D. Minn. Oct. 1, 2025) ("[T]he Court concludes that § 1225(b)(2) is not applicable to Mr. D.S., he is subject to the discretionary detention regime under § 1226(a), and his continued detention with a bond hearing is contrary to the laws of the United States. If Respondents seek to continue detaining Mr. D.S., they must provide him with a bond hearing.").

### III.    Appropriate Relief

Because Petitioner cannot be detained under Section 1225(b)(2), the remaining option is Section 1226. As Respondents do not claim that Petitioner is being detained under Section 1226, however, "the Court sees no reason to consider" Section 1226 as a basis for Petitioner's current detention. *See Martinez v. Hyde*, 792 F. Supp. 3d 211, 223 n.23 (D. Mass. 2025). Her detention is unlawful, and habeas relief is proper.

Petitioner requests attorney's fees under the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412(d)(1)(A). Because fees under the EAJA are not available in habeas corpus proceedings like this one, that request is denied. *Barco v. Witte*, 65 F.4th 782. (5th Cir. 2023).

## CONCLUSION

For the foregoing reasons, the Petition for Habeas Corpus (ECF No. 1) is **GRANTED**. It is **ORDERED** that:

1. Respondents shall **RELEASE** Petitioner Yenisel Reyes Perez from custody, under appropriate conditions of release, to a public place by **no later than 2:00 p.m.** on **November 26, 2025;**

2. Respondents shall **NOTIFY** Petitioner's counsel of the exact location and exact time of Petitioner's release as soon as practicable and **no less than two hours before her release;**

3. The parties shall **FILE** a Joint Status Report **no later than 7:00 p.m.** on **November 26, 2025**, confirming that Petitioner has been released; and

4. Respondents are further **ENJOINED** from re-detaining Petitioner without notice and a pre-deprivation hearing before a neutral decision maker pursuant to 8 U.S.C. § 1226; and

5. Petitioner's Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 2) is **DENIED AS MOOT**.

The Clerk is **DIRECTED** to **CLOSE** this case. A final judgment will follow pursuant to Rule 58.

It is so **ORDERED**.

**SIGNED** this 26th day of November, 2025.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE